■ In the Matter of Agnes Schuck, Respondent, v. Birchwood Park Homes, Inc., et al., Appellants.—Motion by appellants for a stay, pending appeal, granted on condition that appellants perfect the appeal and be ready to argue or submit it at the September Term, beginning September 10, 1962; appeal ordered on the calendar for said term. Cross motion by respondent to dispense with the printing of her brief, granted. The respondent is directed to file six copies of her typewritten brief and to serve one copy on appellant. The record and appellants' brief must be served and filed on or before June 25, 1962. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ Henry Brown et al., Respondents, v. Saul Liss, Appellant.—Motion by defendant for leave to appeal to this court from an order of the Appellate Term denied, with $10 costs. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ Richmond Farms, Inc., Respondent, v. Foremost Dairies, Inc., Appellant.—Motion by appellant for leave to appeal to the Court of Appeals denied. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ Theodore Royffe, Appellant, v. Abraham Gold, Respondent.—Motion by plaintiff for leave to appeal to this court from an order of the Appellate Term, denied. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ The People of the State of New York, Respondent, v. Josue Valentin, Appellant.—Motion by appellant for reargument denied. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.

■ Billy H. Dillon et al., Respondents, v. Beatrice E. Moore et al., Appellants.—In a negligence action to recover damages for injury to person and property, the defendants appeal from an order of the Supreme Court, Westchester County, dated December 13, 1961, which granted plaintiffs' motion to direct defendants or their representative to furnish plaintiffs' attorney with a copy of a statement signed by plaintiff Billy H. Dillon for one of the defendants' representatives prior to the time that plaintiffs retained counsel in this action. Order reversed, without costs, and motion denied, without prejudice to renewal on proper papers showing good cause for the delay in the making of the motion more than a year after the readiness statement had been filed. Ordinarily this court favors the discovery and inspection of a statement given by a party to an investigator for another party prior to the inception of the litigation (cf. *Levey* v. *Hemme*, 7 A D 2d 646). Here, however, the motion for a copy of the plaintiff's statement was made more than a year after the statement of readiness had been filed. No reason or explanation for the delay was set forth in the moving affidavit. In the absence of an explanation for the delay and a showing of "unusual, unanticipated conditions which developed subsequent to the filing of the statement of readiness," it was an improvident exercise of discretion to grant the motion (*Gottlieb* v. *Kempner*, 14 A D 2d 909). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.